**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-4481**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARIO DEANDRE LEMONS,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:06-cr-00339-NCT)

───────────

Submitted:  December 3, 2007     Decided:  June 2, 2008

───────────

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Deandre Lemons entered a conditional plea of guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000), reserving the right to challenge the district court's denial of his motion to dismiss the indictment. Lemons appeals, contending that his predicate state convictions were not crimes "punishable by imprisonment for a term exceeding one year," as required by § 922(g)(1). Finding no error, we affirm.

The district court relied on a 2005 conviction for possession of cocaine with intent to sell and deliver, a Class H felony under North Carolina law. Lemons asserts that the maximum sentence for the crime based on his individual criminal history and North Carolina's structured sentencing scheme did not exceed twelve months. However, as Lemons concedes, his argument is foreclosed by United States v. Harp, 406 F.3d 242, 246-47 (4th Cir.), cert. denied, 126 S. Ct. 297 (2005). Thus, because it is undisputed that a sentence of over twelve months could be imposed on a defendant convicted of possession with the intent to sell and deliver cocaine in North Carolina, the district court properly considered Lemons' prior conviction as a predicate felony for purposes of § 922(g)(1). Lemons urges us to reexamine Harp in light of the Supreme Court's recent decision in Cunningham v. California, 127 S. Ct. 856, 860 (2007) (holding that California's determinate sentencing law

violated Sixth Amendment by "assign[ing] to the trial judge, not to the jury, authority to find the facts that expose a defendant to an elevated 'upper term' sentence").  However, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court.  Only the Supreme Court or this court sitting en banc can do that."  Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (internal quotation marks and citation omitted).  Moreover, our decision in Harp was not called into question by Cunningham, as Harp involved the determination of a maximum sentence without regard to the findings made by a sentencing judge as to the particular defendant.

We find similarly meritless Lemons' related arguments predicated on the rule of lenity, the principle of constitutional doubt, and an unpublished opinion addressing the application of the Assimilative Crimes Act, 18 U.S.C. § 13 (2000).

Accordingly, we affirm Lemons' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED