**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4881**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CHRISTOPHER TERRELL SHORT,

                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   William L. Osteen, Senior District Judge.   (1:07-cr-00084-WLO)

———————————

Submitted:  April 12, 2010               Decided:  June 29, 2010

———————————

Before TRAXLER, Chief Judge, and GREGORY and AGEE, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Richard L. Cannon, III, CANNON LAW OFFICES, PLLC, Greenville, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Christopher Terrell Short pled guilty to possession with intent to distribute 1000.2 grams of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced him as a career offender to a 190-month term of imprisonment. On appeal, Short's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning the procedural reasonableness of Short's sentence. Short has filed a pro se supplemental brief. Finding no reversible error, we affirm.

Although neither Short nor his counsel challenges the adequacy of plea hearing on appeal, we have reviewed the transcript of the plea hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (providing standard). Our careful review of the record convinces us that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Short's guilty plea and that any omission on the court's part did not affect Short's substantial rights. Moreover, the district court ensured that Short's guilty plea was knowing and voluntary and supported by a sufficient factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Short and his counsel question the procedural reasonableness of Short's sentence. We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the advisory guidelines range, considered the factors in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, this court reviews the substantive reasonableness of the sentence, "examining the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Counsel first asserts that Short's prior North Carolina convictions should not count separately for purposes of designating Short as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2006 & Supp. 2007). Because an intervening arrest separated Short's two state court convictions for felony possession with intent to sell and deliver cocaine,

3

the district court properly counted the convictions as separate offenses. See USSG § 4A1.2(a)(2). To the extent counsel also attempts to challenge the validity of Short's January 31, 2001 predicate offense, he may not do so in this appeal. See Custis v. United States, 511 U.S. 485, 493-97 (1994).

Next, Short asserts in his pro se brief that the predicate offenses on which the district court relied to classify him as a career offender did not constitute felonies because he was sentenced to less than twelve months. Short's claim is foreclosed by our decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005).[1] Thus, Short is not entitled to relief on this claim.

Counsel also suggests that the district court did not adequately state its reasons for imposing a 190-month sentence.[2] Because Short argued in the district court for a sentence below the career offender guidelines range, we conclude that he has preserved this claim for appellate review. See Lynn, 592 F.3d

---

[1] Short relies on an unpublished decision in United States v. Lemons, 280 F. App'x 258, 258-59 (4th Cir.), cert. denied, 129 S. Ct. 238 (2008), as support for his claim of procedural error. However, Short mischaracterizes the holding in Lemons.

[2] Based on the case cited in the issue statement in the formal brief, we liberally construe the claim as challenging the adequacy of the district court's reasons for the selected sentence.

at 578, 581. We have reviewed the sentencing transcript and find no abuse of discretion. See id. at 576 (stating standard of review). Although the district court's explanation was brief, the court specifically considered the facts of Short's case in imposing a within-guidelines sentence. See Gall, 552 U.S. at 51 (stating that district court "must make an individualized assessment based on the facts presented"); Lynn, 592 F.3d at 576 ("[I]n explaining a sentencing decision, a court need not robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence.") (internal quotation marks and citation omitted). Thus, the district court committed no procedural error in sentencing Short as a career offender.[3]

Finally, turning to counsel's claim that the career offender guidelines range overstated Short's criminal history, we lack the authority to review a sentencing court's decision not to depart downward "unless the court failed to understand its authority to do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Based on our review of the sentencing hearing, we are convinced that the district court clearly recognized its authority to depart but determined that a

---

[3] In light of our conclusion, we need not address counsel's argument that, in the event Short was not a career offender, he should be placed in criminal history category II.

downward departure was not warranted on the facts of Short's case. Thus, this claim is not reviewable on appeal. Id.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED